IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-590 |
| WHPC-DWR, LLC; CARDINAL CAPITAL MANAGEMENT, INC.; and DEE LUEBKE, | ) **UNITED STATES' RESPONSE TO DEFENDANT LUEBKE'S MOTION TO DISMISS** |
| Defendants. | ) |

## I. INTRODUCTION

The United States respectfully submits this response in opposition to Defendant Dee Luebke's motion to dismiss. Dkt. No. 7. The United States' Complaint alleges that Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, when they refused to provide a reserved accessible parking space for Richard Singsime, a former resident of Village Square Apartments. Dkt. No. 1 ("Compl."). Singsime had previously filed a complaint with the Department of Housing and Urban Development ("HUD"), pursuant to 42 U.S.C. § 3610. Compl. ¶17. HUD conducted an investigation, and issued a finding that there was reasonable cause to believe that each of the Defendants, including Luebke, violated Singsime's rights under the Fair Housing Act. *Id.* ¶18. The Charge of Discrimination ("HUD Charge" or "Charge") that accompanied that determination, however, and that would have served as the initial pleading in the administrative proceeding, did not formally name Luebke as a respondent. Dkt. No. 9, at 3-4 & 3 n.1. Seven days after the Charge was issued, Singsime elected to have the claims asserted in the Charge decided in a civil action in federal court. Compl. ¶ 9. HUD then referred the matter

to the United States Department of Justice, which filed suit pursuant to 42 U.S.C. § 3612(o). *Id.* ¶21.

Luebke, the manager of Village Square, now urges that the claims against her should be dismissed. As explained below, Luebke's motion is without merit and should be denied. It is well established under the Fair Housing Act and in the analogous Title VII context that defects in the administrative process do not immunize an otherwise proper defendant from being sued for conduct that was the subject of the administrative proceeding. Rather, the defendant is subject to suit as long as the defendant had notice of the administrative proceeding and an opportunity to conciliate the complaint. This same principle properly applies when the United States seeks to name as a defendant a party who was not formally named in the HUD Charge. *See United States* v. *Woodlake Realty Company, Inc.*, No. 94-568, slip op., at 4-9 (N.D. Ga. Apr. 18, 1995) (attached as Exhibit A). Luebke does not contest that she had notice of the administrative proceeding and an opportunity to participate in conciliation.

In urging dismissal, Luebke asks this Court to adopt a rule that would effectively prevent the government from curing pleading defects in the underlying administrative proceeding if a party elects to move the case to federal court. Nothing in the text of the statute suggests that if the United States concludes based on HUD's findings that an additional party should be named that it cannot do so, consistent with the principle of notice set forth above. The regulations governing HUD administrative proceedings would have allowed HUD, as a matter of right, to amend the Charge to add Luebke as a respondent if no election had been made. The United States should not be foreclosed from making the same decision HUD could have made itself

merely because Singsime elected to proceed in federal court. Luebke's motion should therefore be denied.

## II. BACKGROUND

*A.   The Fair Housing Act's Complaint Process*

The Fair Housing Act establishes an administrative process for addressing discrimination complaints. When a complaint is filed with HUD, Section 810(g)(1) of the Act directs the HUD Secretary to "determine based on the facts whether reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur." 42 U.S.C. § 3610(g)(1). The Secretary has delegated responsibility for investigating such complaints to the office of the Assistant Secretary for Fair Housing and Opportunity (FHEO). 24 C.F.R. §§ 100.103 - 103.400. Specifically, after receiving a complaint, FHEO notifies the respondents of the complaint and gives them an opportunity to file an Answer. *See* 24 C.F.R. §§ 103.202 – 203. FHEO then conducts an investigation, *see* 24 C.F.R. §§ 103.200, 215, and attempts conciliation. *See* 24 C.F.R. § 103.300.

If FHEO is not able to conciliate the complaint, it prepares a final investigative report setting forth results of its investigation. *See* 24 C.F.R. § 103.230. FHEO must determine "based on the totality of the factual circumstances" whether there is reasonable cause "to believe that a discriminatory housing practice has occurred," such that the facts "warrant the initiation of a civil action in federal court." *See* 24 C.F.R. § 103.400(a)(2). If FHEO determines that a civil action would be warranted, and the HUD General Counsel concurs, then FHEO issues a determination of reasonable cause and a charge of discrimination on behalf of the aggrieved

person(s).  *See* 24 C.F.R. § 103.400(a)(2)(i); 42 U.S.C. § 3610(g)(2)(A).  It must then serve the charge and determination on the respondents and the aggrieved persons.  *See* 24 C.F.R. §§ 103.405(b)(3), 180.410(a); 42 U.S.C. § 3610(h).  The charge must include "a short and plain statement of the facts upon which the Secretary has found reasonable cause to believe that a discriminatory housing practice has occurred or is about to occur" and "be based on the final investigative report."  24 C.F.R. §§ 103.405(a)(1)-(2); 42 U.S.C. § 3610(g)(2)(B).  The charge "need not be limited to the facts or grounds alleged in the complaint filed under section 810(a)."  *Id.*  However, if the charge is based on grounds not alleged in the complaint, the respondent must have been given notice of and an opportunity to respond to the allegations.  24 C.F.R. § 103.405(a)(3).

After a charge is issued, the HUD General Counsel must, within three days, serve the charge on all respondents and file the charge with the Docket Clerk of the Office of the HUD Office of Administrative Law Judge.  24 C.F.R. § 180.410(a).  Within twenty (20) days of the service of the charge, any complainant, respondent, or aggrieved person may elect to have "the claims asserted in the charge" decided in a civil action in federal court.  *See* 24 C.F.R. § 180.410(b)(1); 42 U.S.C. § 3612(a).  A timely election terminates the administrative proceeding that was initiated when the General Counsel filed the charge.  *See* 24 C.F.R. § 180.410(c).  If such an election is made, "the Secretary shall authorize, and not later than 30 days after the election is made the Attorney General shall commence and maintain, a civil action on behalf of the aggrieved person."  42 U.S.C. § 3612(o).

If no party timely elects, however, then the matter is determined through an administrative proceeding presided over by an administrative law judge (ALJ).  *See* 42 U.S.C.

4

3612(b); 24 C.F.R. § 180.410(a)(3).  In this ALJ proceeding, the respondent may file an answer within 30 days after the service of the charge.  *See* 24 C.F.R. § 180.410(b)(4)(ii).  Before the answer is served, HUD may amend the charge once as of right.  *See* 24 C.F.R. § 180.425(a).  After an answer is filed, the HUD may amend the charge on motion with leave of the ALJ.  *See* 24 C.F.R. § 180.425(b).

*B.     Richard Singsime's HUD Complaint*

On or about November 8, 2008, Mr. Richard Singsime, acting *pro se*, filed a housing discrimination complaint with HUD, alleging, *inter alia*, that Defendants WHPC-DWR, LLC ("WHPC"), Cardinal Capital Management, Inc. ("CCM"), and Dee Luebke, discriminated against him on the basis of disability by denying him the use of a handicapped parking spot.  Compl. ¶17.  Pursuant to the requirements of 42 U.S.C. §§ 3612(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation, and prepared a final investigative report.  Compl. ¶¶17-18.

HUD determined that reasonable cause existed to believe that discriminatory housing practices occurred, and on June 7, 2010, HUD issued a Determination of Reasonable Cause ("Cause Determination") and a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A).  *See* Compl. ¶18.  The Cause Determination concluded that there was reasonable cause to believe that each of the Defendants, including Luebke, engaged in discriminatory housing practices against Mr. Singsime.  Dkt. No. 9, at 19.  The HUD Charge identified Luebke, WHPC, and CCM as respondents and noted that there is reasonable cause to believe that "all respondents" violated the Act.  *Id.* at 3 & 3 n.1.  The Charge, however, states that only WHPC and CCM are "charged" with discrimination, and that a charge of

5

discrimination "against Respondent Dee Luebke in her individual capacity" is not "authorized." *Id.* at 3-4 & 3 n.1. HUD served the Charge on all Defendants, including Luebke. *Id.* at 29.

Section II of the HUD Charge contains the "SUMMARY OF ALLEGATIONS IN SUPPORT OF THE CHARGE," set forth in 32 enumerated paragraphs. Dkt. No. 9, at 4-9. Paragraphs 8, 14, 16, 18, 19, 20, 21, 22, 23, 24, and 27 of this section contain allegations against Dee Luebke. *Id.* at 5-9. Among other things the Charge alleges the following facts. Luebke, a manager at Village Square (*id.* ¶8), met with Singsime about renting a unit at Village Square Apartments. *Id.* ¶14. During this meeting Singsime was wearing leg braces that were "clearly visible" and "identified himself as disabled." *Id.* Luebke admitted to HUD employees during the investigation that she knew Singsime was disabled. *Id.* ¶16. After Singsime had moved in, Luebke told him that he could not park in an accessible parking space. *Id.* ¶18. Singsime protested, and Luebke said that it was "management's policy" to prohibit parking in that space and that it was reserved for drop-off and pick-up of tenants who did not drive. *Id.* Singsime later approached Luebke a second time about using that spot, and Luebke again told Singsime that he could not use that spot. *Id.* ¶23. Luebke never informed Singsime of management's reasonable accommodation policy or offered him a reasonable accommodation request form in response to "his request for an accessible parking space." *Id.* ¶27.

On June 14, 2010, just seven days after the Charge had been issued, Singsime elected to have the claims asserted in the Charge decided in a civil action in federal court, under 42 U.S.C. § 3612(a). Compl. ¶19. That same day Chief Administrative Law Judge Susan L. Brio issued a Notice of Election of Judicial Determination, which terminated the administrative proceeding so

6

that the United States could proceed with this civil action under 42 U.S.C. § 3612(o). *Id.* HUD served the Notice of Election on Luebke, WHPC, and CCM, and on others. *Id.*

C.     *The United States' Complaint*

On July 14, 2010, the United States filed a Complaint against Defendant Luebke, WHPC, and CCM alleging violations of Sections 804(f)(1), (f)(2), and (f)(3)(B) of the Fair Housing Act, 42 U.S.C. §§ 3604(f)(1), (f)(2), and (f)(3)(B). Compl. ¶23. The Complaint alleges, *inter alia*, that Luebke was engaged in the management of the Village Square Apartments, Compl. ¶4; that Luebke met with Singsime about renting a unit at Village Square Apartments, saw Singsime wearing leg braces and walking with a cane; *Id.* ¶9; that Luebke told Singsime that he could not park in an accessible parking space because "it was reserved for persons picking up and dropping residents" and that she refused to reconsider her decision when Singsime asked her to do so, *Id.* ¶12; further that Luebke refused to reconsider her decision on two more occasions and refused to grant Singsime an assigned space. *Id.* ¶13. In short, the Complaint alleges that Luebke personally participated in and carried out the decision to deny Singsime an accessible parking space.

### III.  ARGUMENT

In ruling on Luebke's motion to dismiss under Rule 12(b)(6), this Court must accept as true all factual allegations of the United States' Complaint. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Ordinarily, the court may not consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). As Luebke correctly notes, however, it is sometimes appropriate to

7

consider documents referred to in the pleadings, *see* Dkt. No. 7 at 5, *citing Menominee Indian Tribe of Wis. V. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

Luebke's sole argument in favor of dismissal under Rule 12(b)(6) is that the United States' claim against her is "prohibited as a matter of law." *See* Dkt. No. 7, at 3. Notably, Luebke does not question that the United States alleges that she engaged in conduct that, if proven, would violate the Fair Housing Act. *See generally id.* at 6-12. The Complaint alleges that Luebke, as manager of Village Square Apartments, refused to give Singsime a reserved parking space even though she knew he was substantially disabled in his ability to walk. *See* Compl. ¶¶ 4, 9, 12, 13, 14. As Luebke is alleged to have personally participated in and carried out the claimed discrimination, she is a proper defendant under the Fair Housing Act. *Meyer* v. *Holley¸* 537 U.S. 280, 285-289 (2003) (agents and principals both are liable for discrimination under the Act); *City of Chicago* v. *Matchmaker Real Estate Sales Ctr., Inc.*, 982 F2d 1086, 1096-98 (7th Cir. 1992) (same).

Luebke relies on the fact that the HUD Charge does not specifically "charge" her with discrimination. Dkt. No. 7 at 6-7. Citing 42 U.S.C. § 3612(a), which allow respondents or complainants to elect to have the "claims asserted in the charge" decided in a federal proceeding, Luebke argues that claims against her were not asserted in the Charge. *Id*. at 7. She asserts that the Fair Housing Act allows the United States "to bring a civil claim only against the respondents HUD charges in the Charge of Discrimination." *See* Dkt. No. 7, at 6-7, 12.

The principle of law Luebke advocates, however, has no support in the text of the statute, the regulations, or the applicable case law. This is not a situation where HUD determined that Luebke was innocent of any violation of the Fair Housing Act. To the contrary, HUD's Charge

8

identifies Luebke as a respondent.  *See* Dkt. No. 9, at 3 & 3 n.1.  As the Charge acknowledges, HUD determined that there was reasonable cause to believe that "all respondents" had violated the Act.  *Id.* at 3 and 3 n.1, 11-20.  Furthermore, it is clear from the Charge that it is Luebke's conduct, acting as an agent of the other Defendants, that forms the basis of the determination that discrimination housing practices occurred.  *See id.* at 4-9, at ¶¶ 8, 14, 16, 18, 19, 20, 21, 22, 23, 24, and 27.  HUD therefore never determined that Luebke was not liable for the discriminatory conduct.  It merely determined, as a matter of prosecutorial discretion, not to name her formally in the Charge.

Nor is there any meaningful difference between the factual allegations in the Charge and those in the United States' Complaint.  The summary of allegations in the Charge recount allegations virtually identical to those in the United States' Complaint, including the allegations against Luebke.  *See supra* at 5-6.  The "claims asserted in that charge" and those in the United States' Complaint are functionally the same.  *See* 42 U.S.C. § 3612(a).

It is true that the HUD Charge does not specifically charge Luebke "in her individual capacity."  Nothing in the plain language of the Act or the regulations, however, suggests that only persons who are "charged" with discrimination in the body of a charge can be named as defendants in a complaint initiated by the United States.  In fact, the statute and regulations say only that the charge must contain a short and plain statement of the facts upon that support a determination of cause and be based on the final investigative report.  24 C.F.R. §§ 103.405(a)(1)-(2); 42 U.S.C. § 3610(g)(2)(B).  Luebke does not question that the Charge meets these requirements.  After a HUD charge is issued, Section 812(o) of the Act states that the United States "shall commence and maintain, a civil action on behalf of the aggrieved

9

person." 42 U.S.C. § 3612(o). Nothing in the statute or regulations suggests that the United States cannot commence and maintain a lawsuit against a proper defendant merely because the defendant was not "charged" with discrimination by HUD.

In fact, under both the Fair Housing Act and in the analogous Title VII context, courts have made clear that persons who were not even formally identified as respondents in the administrative proceedings may be named as defendants in a subsequent suit, provided that the defendant had "adequate notice" of the complaint and an "opportunity to participate in the conciliation process." *Schnellbaecher* v. *Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) ("An exception to the general rule that a party named in a Title VII suit must have been named in a previous EEOC charge[1] exists where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given an opportunity to participate in conciliation proceedings aimed at voluntary compliance."); *accord Eggleston* v. *Chicago Journeymen Plumbers' Labor Union No. 130, U.A.*, 657 F.2d 890, 906-907 (7th Cir. 1981); *United States EEOC* v. *Christie Lodge Assoc., Ltd.*, No. 89-2438, 1990 U.S. Dist. LEXIS 5700, at *4 (N.D. Ill. May 10, 1990); *EEOC* v. *Walsh Constr. Co.,* No. 03-3601, 2004 U.S. Dist. LEXIS 13012, at *2 (N.D. Ill. July 13, 2004); *United States EEOC* v. *Custom Cos.*, Nos. 02-3768, 03-2293, 2007 U.S. Dist. LEXIS 16691, at *3-4 (N.D. Ill. Mar. 8, 2007). As *Eggleston* makes clear, defects in the "procedural exactness" of the administrative process does not bar claims against a defendant, so long as the defendant had notice of the proceedings and an opportunity to participate in them. 657 F.2d at 906-907.[2] The same rule applies to the Fair

---

[1] Under Title VII, a complaint of discrimination is referred to as a "charge." *See Eggleston*, 657 F.2d at 905.

[2] To the extent Luebke is suggesting that the notice and opportunity to conciliate standard should be limited to errors or omissions committed by *pro se* plaintiffs, not administrative

10

Case 2:10-cv-00590-JPS    Filed 10/08/10    Page 10 of 14    Document 11

Housing Act. *See United States* v. *Barberis*, 887 F. Supp. 110, 113 (D. Md. 1995) (defendant not named in HUD complaint may be named in an election case brought under Title VIII where he or she "had notice of the administrative proceedings and participated therein."). Courts generally accord similar interpretation to Title VII and the Fair Housing Act. *See Kyles* v. *J.K. Guardian Sec. Servs.*, 222 F.3d 289, 295 (7th Cir. Ill. 2000) (collecting cases) (stating Title VII is the "functional equivalent" of the Fair Housing Act and recognizing that "the provisions of these two statutes are given like construction and application"). Applying these principles to a situation similar to the one presented in this case, the court in *United States* v. *Woodlake Realty Company, Inc.*, No. 94-568, slip op., at 4-9 (N.D. Ga. Apr. 18, 1995), allowed the United States to amend its complaint to name two defendants who had not been named in the HUD charge because they had had notice of the administrative proceedings and an opportunity to conciliate.

Luebke was a respondent in the HUD proceedings as she was named in Singsime's complaint. *See* 24 C.F.R. §§ 103.202-203. As a respondent, Luebke received notice of the complaint and had an opportunity to conciliate in accordance with the regulations, *see* 24 C.F.R. § 103.230, and Luebke does not argue otherwise. *See generally* Dkt. No. 7, at 7-9. Luebke

---

agencies, *see* Dkt. No. 7, at 8-9, such an argument lacks merit. Nothing in *Eggleston* or *Schnellbaecher* suggests their holdings should be limited to the *pro se* context. Nor do the other cases Luebke cite support this position. In *Latuga* v. *Hooters, Inc.*, 1994 U.S. Dist. LEXIS 4008 (N.D. Ill. Apr. 1, 1994), the district court held the requirements for the *Eggleston* exception were not met because the defendant did not, in fact, have adequate notice of the administrative proceedings. *Id.* at *8. In *Sharkey* v. *Lasmo*, 906 F. Supp. 949 (S.D.N.Y. 1995), the district court did not even discuss *Eggleston*; it analyzed the identity-of-interest exception to Title VII, which is different from the exception at issue in *Eggleston*. *Id.* at 954-957. *See Eggleston*, 657 F.2d at 905 (noting "courts have recognized several exceptions to the rule that parties not named in EEOC charge are not subject to suit" and that the "notice" and "opportunity" exception was the exception at issue.)

11

therefore had notice of the complaint and an opportunity to conciliate, and she is a proper defendant under the holdings of *Barberis, Woodlake, Schnellbaecher*, and *Eggleston*.

Luebke argues that the situation is different from *Barberis* because whereas the additional defendants in *Barberis* were not named in the HUD complaint, here the Luebke was not "charged" with discrimination. *See* Dkt. No. 7, at 9. Luebke fails to explain convincingly why this is a meaningful distinction, however, and, as discussed above, the *Woodlake* court applied an analysis similar to the one used in *Barberis*, *Schnellbaecher*, and *Eggleston*, to a situation where the proposed defendants had not been named in the HUD charge.

A charge does not constitute the entirety of HUD's findings and conclusions. The Charge in this case was accompanied by a Determination of Reasonable Cause that explained HUD's findings in more detail, and that document in turn was based on the results of HUD's investigation reflected in the Final Investigative Report. Nothing in the text of the statute or the regulations suggests that the Department of Justice is precluded from making a different prosecutorial judgment than HUD as to who should be named as a defendant based on the facts found in HUD's investigation, provided that any added defendant had notice of the proceeding and an opportunity to conciliate. This is particularly the case where, as here, HUD formally determined that there was reason to believe that Luebke had engaged in discriminatory housing practices.

In fact, HUD could have changed its prosecutorial judgment and added Luebke later in the administrative process.[3] A charge, for purposes of an ALJ proceeding, functions the same as

---

[3] Luebke argues that HUD's decision not to authorize a charge against her "in her individual capacity" constitutes a finding by HUD that no "reasonable cause existed to believe that she discriminated" in that capacity. Dkt. No. 7, at 6-7. Luebke's argument is not supported by the language of the HUD Charge itself, and is flatly inconsistent with HUD's Cause Determination which found reasonable to believe that she discriminated in violation of the Act. Indeed, as

12

a civil complaint in a federal lawsuit: it is the means by which HUD commences the administrative proceedings. *See* 24 C.F.R. § 180.410(a). HUD could have amended the Charge "by right" before respondents filed their answer, and afterwards subject to the approval of the ALJ. *See* 24 C.F.R. §§ 180.425(a)-(b). Here, Singsime elected to proceed in federal court just seven days after the Charge was issued, during the 30-day period when HUD could have amended its Charge as a matter of right. Put another way, HUD was not permanently bound by its decision not to formally name Luebke in the Charge. If HUD would have had the discretion to add Luebke to the Charge, it would be anomalous to hold that the United States lacks the same power merely because the case is now in federal court. Functionally, there is no difference between the United States naming Defendant Luebke in this proceeding, and HUD choosing to amend its Charge to "charge" Luebke in the event this matter had proceeded before an ALJ rather than before this Court. In fact, in *Woodlake* the court allowed the United States to amend its complaint to add defendants not named in the HUD charge after the lawsuit had been filed. Here the United States named Luebke at the outset, which presents even less of a risk of prejudice and surprise.

Defendant Luebke's efforts to be dismissed from this action find no support in the text of the Fair Housing Act, have no basis in case law, and elevate form over substance. The only relevant considerations should be whether the United States' Complaint states a valid claim under the Fair Housing Act against Luebke, and whether Luebke had notice of and an opportunity to participate in the underlying HUD administrative proceedings. As the answer these queries is affirmative, Luebke's motion to dismiss should be denied.

---

discussed above, *supra* at 7, Luebke does not question that her alleged conduct, if proven, would constitute a violation of the Act.

## IV. CONCLUSION

For the foregoing reasons, the United States urges the Court to deny Defendant Luebke's motion to dismiss.

Dated: October 8, 2010

| | |
|---|---|
| JAMES L. SANTELLE<br>United States Attorney<br>Eastern District of Wisconsin<br><br>LENNIE A. LEHMAN<br>Assistant United States Attorney<br>Office of the United States Attorney<br>Eastern District of Wisconsin<br>517 East Wisconsin Avenue, Suite 530<br>Milwaukee, Wisconsin 53202<br>Wis. Bar No. 1014711<br>Tel.: (414) 297-4503<br>Fax: (414) 297-4394<br>Lennie.Lehman@usdoj.gov | THOMAS E. PEREZ<br>Assistant Attorney General<br><br>s/ Ryan G. Lee<br>STEVEN H. ROSENBAUM<br>Chief<br>TIMOTHY J. MORAN<br>Deputy Chief<br>RYAN G. LEE<br>Trial Attorney<br>United States Department of Justice<br>Civil Rights Division<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue, NW<br>Northwestern Building, 7th Floor<br>Washington, DC 20530<br>Wis. Bar No. 1041468<br>Tel.: (202) 305-3109<br>Fax: (202) 514-1116<br>Ryan.Lee@usdoj.gov |